UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

                    Plaintiff,                    05-CV-6546 T

                                                  **DECISION**
          v.                                      **and ORDER**

AMBASSADOR ASSOCIATES, L.P.;
AMBASSADOR HOUSING DEVELOPMENT FUND
COMPANY, INC.; CONIFER REALTY, INC.;
HOME PROPERTIES, L.P.; HOME PROPERTIES,
INC. f/k/a HOME PROPERTIES OF NEW YORK,
INC.; RICHARD J. CROSSED; PETER OBOURN;
JOHN FENNESSEY; SILVER HOLDINGS, LLC;
SILVER AMBASSADOR LLC; SILVER STREET
DEVELOPMENT CORPORATION II; CITY OF
ROCHESTER; THE STATE OF NEW YORK; "John
Doe #1" to "John Doe #50," Both
Inclusive, the Names of the Last 50
Defendants Being Fictitious, Said
Defendants' True Names Being Thereby
Intended to Designate Parties with
Liens that are Subject and Subordinate
to the Lien of the Mortgage being
foreclosed herein and Tenants,
Lessees, or Occupants of Portions of
the Mortgaged Premises Described in
the Complaint,

                    Defendants.

_____

### INTRODUCTION

     Plaintiff Federal Home Loan Mortgage Corporation ("Freddie

Mac" and/or "plaintiff") commenced this action to foreclose its

first mortgage lien encumbering certain real property located at 86

South Union Street, Rochester, New York (the "Property").  All of

the named defendants have been served with the Summons and

Complaint. Except for the John Doe defendants described in the

caption of the Complaint, all of the defendants have voluntarily appeared in this action.

According to plaintiff, the "John Doe" defendants are, on information and belief, statutory tenants pursuant to the municipal or state rent laws. As such their rights of tenancy and possession cannot be terminated by this action. Plaintiff does not seek to terminate the rights of any such statutory tenants and thus requests that the John Doe defendants be dismissed from this case. Plaintiff claims that an amendment of the caption of the Complaint does not prejudice the parties to this action.

Defendants Ambassador Associates, L.P., Ambassador Housing Development Fund Company, Inc. (together referred to as the "Mortgagor"), Silver Holdings, LLC, Silver Ambassador, LLC and Silver Street Development Corporation II (collectively, the "Ambassador Defendants") appeared in this action by serving an Answer (the "Answer"). The Answer consists of admissions, denials and denials on information and belief as well as one affirmative defense alleging that the appointment of a receiver is preclusive to Freddie Mac's right to demand a foreclosure, and requesting dismissal of the Complaint.

Defendants Conifer Realty, Inc., Richard J. Crossed, Peter Obourn and John Fennessey (collectively, the "Conifer Realty Defendants") appeared in this case by service of Notices of Appearance and Waiver in Foreclosure, waiving service of papers and notices of all proceedings in this action except Judgment of

Foreclosure and Sale and Notice of Dismissal of the action, among others.

Defendants Home Properties, L.P., and Home Properties, Inc. f/k/a Home Properties of New York, Inc. (collectively, the "Home Properties Defendants") appeared in this action by service of a Notice of Appearance waiving service of all papers and of notices of all proceedings except judgment of foreclosure and sale and other related documents.

Defendant The State of New York (the "State") appeared in this action by service of a Notice of Appearance waiving notice of all papers and notices of all proceedings in this action except notice of dismissal and executed judgment of foreclosure and sale. Finally, defendant City of Rochester (the "City") appeared in this action by service of a Notice of Appearance and Waiver in Foreclosure waiving service of all papers and notices of all proceedings in this action except notice of application for dismissal, notice of sale and other related materials.

Plaintiff moves for summary judgment pursuant to Fed. R. Civ. P. 56 requesting that this Court grant plaintiff's request regarding foreclosure of the mortgaged Property. Plaintiff argues that its mortgage lien is superior to the liens and/or interests of all other defendants. In addition, plaintiff requests that pursuant to Fed. R. Civ. P. 55, this Court grant default judgment against the Conifer Realty Defendants, Home Properties Defendants, the State and the City for failure to answer or move with respect to the Complaint. Finally, plaintiff requests that this Court

dismiss the action against the John Doe defendants. No opposition has been filed to plaintiff's summary judgment motion by any of the defendants and thus for purposes of this motion I will assume that the facts are not in dispute.  For the reasons set forth below, plaintiff's motion is granted.

## BACKGROUND

I.   **Facts Surrounding The Execution Of The Promissory Note And The Mortgage, Assignment of Leases and Rents and Security Agreement**

On or about January 27, 1995, the Mortgagor executed and delivered to Community Lending Corporation ("CLC") a Promissory Note (the "Note") whereby the Mortgagor promised to pay to the order of CLC the original principal amount of Seven Hundred Seventy Five Thousand and 00/100 Dollars ($775,000) with interest thereon in installments of principal and interest.  In order to secure the payment of the principal sum and interest set forth in the Note, the Mortgagor executed and delivered to CLC a Mortgage; Assignment of Leases and Rents and Security Agreement dated January 27, 1995 (the "Mortgage"), granting CLC a first mortgage lien on the Property, whereby the Mortgagor mortgaged the Property to CLC in fee.  The Mortgage was duly recorded in the Office of the Clerk of Monroe County on January 30, 1995.  For value received, CLC endorsed the Note to plaintiff by Allonge attached to said Note dated December 11, 2001 and assigned the Mortgage to plaintiff by Assignment of Security Instrument dated December 11, 2001 (the

4

"Assignment").  Plaintiff has been the owner and holder of the first mortgage lien established by the Mortgage since that date.

## II. **Mortgagor's Default On It's Obligations Under the Mortgage**

The Mortgagor defaulted on its obligations due under the Mortgage beginning with failing to make a payment due on September 1, 2005 and on the first day of each and every month thereafter. As a result of the Mortgagor's default, plaintiff gave the Mortgagor written notice of the default pursuant to the Note and Mortgage by letter dated September 14, 2005, giving the Mortgagor an opportunity to cure its default on or before September 23, 2005. The Mortgagor failed to cure the default.  Consequently, plaintiff elected to accelerate the amounts due and owing under the Note and Mortgage.  By letter dated September 29, 2005, plaintiff notified the Mortgagor that the whole of the debt secured by the Mortgage was immediately due and payable.  To date, the Mortgagor has not paid the full, accelerated amount due to plaintiff. The Mortgagor's failure to make payments constitutes a default under the Mortgage.

Because of the Mortgagor's failure to pay sums due under the Note and Mortgage, plaintiff commenced this foreclosure action on October 18, 2005. In addition, plaintiff filed a notice of pendency in the Office of the Clerk of Monroe County on November 30, 2005. As of December 31, 2005, the total amount due to plaintiff was $719,078.91 together with interest on the outstanding principal balance at the variable default interest rate of six percent per annum above the then current adjusted Note rate, currently the rate

of 12.07% per annum, or $227.92 per day past December 31, 2005,
plus taxes, assessments, water and sewer charges, insurance
premiums and other charges affecting the Property, which plaintiff
may be required to pay to protect its interest in the Property
after December 31, 2005, which are to be added to the principal
balance and accrued interest, and attorney's fees incurred. Since
plaintiff's counsel has incurred legal fees to enforce its rights
under the Mortgage there will be additional attorney's fees
associated with this action until the Property is sold.

### III. <u>Pertinent Terms of The Mortgage, Assignment of Leases and Rents and Security Agreement</u>

Pursuant to the Mortgage plaintiff has the express right to
foreclose and sell the Property.  In addition, Paragraph 17 of the
Mortgage provides not only for foreclosure in the event of a breach
but also the appointment of a receiver without notice and payment
of costs of collection by the borrower.  The Mortgage, at paragraph
17, specifically provides:

> If a default has occurred and is continuing,
> Mortgagee may to the extent permitted by law, do
> any one or more of the following: ****
> (a)(ii)(y) proceed to protect and enforce its
> rights under this Mortgage by suit for *** the
> foreclosure of this Mortgage and the sale of the
> Mortgaged Property under the judgment or decree of
> a court of competent jurisdiction, or for the
> enforcement of any other right as Mortgagee may
> deem most effectual for such purpose.
> (b) <u>In any action to foreclose</u> this Mortgage,
> Mortgagee, to the extent permitted by law, shall be
> entitled as a matter of right to the appointment of
> a receiver of the Mortgaged Property ******
> [<u>emphasis added</u>].

In addition, the Mortgage, at paragraph 21, further provides that:

> No failure to exercise, no delay in exercising and no course of dealing with respect to, any power, remedy or right hereunder by Mortgagee shall operate as a waiver thereof, <u>nor shall any single</u> or partial exercise by Mortgagee of any power, remedy or right hereunder <u>preclude any other or further exercise</u> thereof or the exercise of any other power, remedy or right. <u>The remedies provided herein are cumulative</u> and not exclusive of any remedies provided by law. [<u>emphasis added</u>].

Pursuant to paragraphs 17 and 21 of the Mortgage as set forth above, all remedies provided in the Mortgage in case of default, including Mortgagee's right to institute a foreclosure proceeding and seek appointment of a receiver, are cumulative and not exclusive of any other remedies.

## DISCUSSION

### I.   Plaintiff's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. <u>R.B. Ventures, Ltd. v. Shane</u>, 112 F.3d 54 (2nd Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could

7

find in favor of that party, a grant of summary judgment is appropriate.  Annis v. County of Westchester, 136 F.3d 239, 247 (2nd Cir. 1998).

## II.  **Plaintiff's Entitlement to the Remedy of Foreclosure**

In its Answer, the Mortgagor admits that it is an obligor of the Note and the Mortgagor of the Mortgage.  Yet the Mortgagor denies or denies knowledge or information sufficient to form a belief as to the remaining allegations of the Complaint.  It is well-settled that "[s]peculation, conclusory allegations and mere denials are not enough to raise a genuine issue of fact." National Westminster Bank USA v. Ross, 676 F.Supp. 48, 51 (S.D.N.Y. 1987). Thus, the Mortgagor's denials and denials of knowledge or information sufficient to form a belief as to the allegations of the Complaint fail to raise a genuine issue of material fact to preclude summary judgment, particularly where the terms of the Mortgage (including remedies in the event of default) are clearly stated.

The Mortgagor asserts a single affirmative defense that because plaintiff requested the appointment of a receiver and this Court appointed a receiver in foreclosure who has collected rents generated by the Property, the Complaint should be dismissed.  By its defense, the Mortgagor appears to claim that plaintiff has elected a remedy by the appointment of a receiver and has waived its remedy of foreclosure.  However, the Mortgagor agreed in paragraphs 17 and 21 of the Mortgage that if a default occurs, plaintiff has a choice of remedies, which are cumulative.

Plaintiff may commence an action to foreclose, or may request an appointment of a receiver, or do both.

Plaintiff's right to exercise both remedies is established in paragraph 21 of the Mortgage expressly providing for the cumulative character of the remedies granted in the Mortgage.  See In re Enron Corp., 302 B.R. 463 (Bankr. S.D.N.Y. 2003), quoting Credit Francais v. Sociedad Financiera de Comercio, C.A., 128 Misc.2d at 580-81 (N.Y. Sup. Ct. 1985) ("[A] provision declaring that rights granted are cumulative is intended to preserve available alternate remedies when a party initially elects to pursue other available remedies").  Here, paragraph 21 of the Mortgage is clear and unambiguous that the remedies afforded to plaintiff are cumulative.  Thus, these remedies can be exercised together and the exercise of one of them neither constitutes a waiver of the other remedies nor precludes exercising them concurrently.

For the reasons set forth above, I find that the Mortgagor's answer fails to raise any triable issue of fact to preclude the grant of summary judgment against the Mortgagor for the relief requested in plaintiff's Complaint.  Plaintiff is therefore entitled to summary judgment with respect to the allegations made in his Complaint.

## III. __Default Judgment As to Remaining Defendants__

Rule 55 of the Federal Rules of Civil Procedure, which governs the entry of a default judgment, sets forth a two-step process by which a plaintiff may secure a default judgment against a defendant.  Fed.R.Civ.P. 55(a).  "[F]irst, a party moving for

default judgment must obtain an Entry of Default from the Clerk of the Court pursuant to Fed.R.Civ.P. 55(a) and, second, the moving party must seek a default from the...Court." DIRECTV,Inc. v. Arnold, 392 F.Supp. 2d 415, 416, (N.D.N.Y. 2005).

Here, the Clerk of the Court has entered an entry of default as to the Conifer Realty Defendants, the Home Properties Defendants, the State and the City. These defendants have appeared in this action waiving, with limited exceptions, notice of further proceeding in this action. Moreover, none of the defendants have answered or moved with respect to the Complaint and the time to move or answer has not been extended nor has any extension been sought. Thus, entry of default judgment against the remaining defendants is proper.

<u>**CONCLUSION**</u>

Upon consideration of plaintiff's Complaint and papers supporting its unopposed motion for summary judgment as well as its motion for default judgment, and upon the Ambassador Defendants' failure to oppose plaintiff's summary judgment motion, and upon remaining defendants' failure to answer or otherwise move in this action, and failure to oppose plaintiff's motion for a default judgment submitted on January 30, 2006, it is hereby ORDERED as follows:

1)    Plaintiff's action against defendants "John Doe #1" to "John Doe #50" is dismissed and as captioned is so amended;

2)    Plaintiff's motion for summary judgment is granted on its claims asserted in the Complaint against defendants Ambassador

Associates, L.P., Ambassador Housing Development Fund Company, Inc., Silver Holdings, LLC, Silver Ambassador, LLC and Silver Street Development Corporation II;

3)   Plaintiff's motion for default judgment is granted on its claim asserted in the Complaint against the remaining defendants; and it is further ordered as follows that:

4)   (a) The mortgage lien established by the Mortgage be foreclosed and defendants, and each of them, and all persons claiming through, from or under them, subsequent to the filing of the notice of pendency of the action hereof, be forever barred and foreclosed of all right, title, claim, lien, and equity of redemption to the Property;

(b) The Property and all other Property described in the Mortgage be sold "as is" subject to any state of facts that may be shown on an accurate survey, the rights of any statutory tenants, the right to maintain vaults and vault space and any charges affecting the Property, easements, covenants, conditions, agreements, reservations and restrictions of record, and violations, orders or notices filed or issued by any governmental authority against the Property, including but not limited to any environmental violations and zoning ordinances;

(c) David A. Vasile (the "Referee"), of David A. Vasile, Inc., 100 Metro Park, Suite 101, Rochester, New York, be appointed as referee to effectuate the sale of the Property; that said Referee give public notice of the time and place of such sale according to law and rules and practice of this Court by publishing

11

the notice of sale in the Daily Record; that plaintiff or any other party to this action may become the purchaser or purchasers at such sale; that said Referee execute to the purchaser or purchasers on such sale a deed of the Property sold; that the Referee on receiving the proceeds of sale immediately pay therefrom the taxes, assessments and water rents which are or may become liens on the Property at the time of sale; that the Referee shall then deposit the balance of such proceeds of sale in his own name as Referee in a financial institution insured by the FDIC and shall thereafter make the following payments, and his checks drawn for that purpose shall be paid by the said depository;

FIRST:   the statutory fees of the Referee, not to exceed FIVE HUNDRED DOLLARS;

SECOND:   expenses of sale and advertising expenses as shown on the bills presented and certified by the Referee to be correct;

THIRD:   the Referee shall also pay to plaintiff or its attorneys, the sum adjudged to plaintiff for costs and disbursements in this action, to be taxed by the Clerk of the Court, with interest thereon from the date hereof, and also the amounts due upon the Note and Mortgage, with interest thereon as set forth below:

- Amounts owed as of December 31, 2005 totaling $719,078.91;

- Per Diem Interest of $227.92 for each day after December 31, 2005, to the date of closing of any foreclosure sale herein, notwithstanding any merger of the terms of the Mortgage into a judgment;

12

    -    Attorney's fees incurred by plaintiff together with any amount advanced and duly documented by plaintiff for real estate taxes, insurance, water and sewer charges, advances to the receiver appointed herein and other charges for the Property being foreclosed since December 31, 2005, or so much thereof as the purchase money of the Property will pay same, take a receipt therefor, and file it with his Report of Sale;

FOURTH:   if the Referee intends to apply for a further allowance of his fees, he may leave upon deposit such amount as will cover the additional allowance sought to await the further order of this Court after an application is duly made;

FIFTH:     in the event that (i) plaintiff purchases the Property at the sale; (ii) the rights of the purchaser at the sale and the terms of sale under this judgment shall be assigned to and acquired by plaintiff, and a valid assignment thereof filed with the Referee; or (iii) plaintiff purchases the Property at the sale and assigns its right to a third party, and a valid assignment thereof is filed with the Referee, the Referee shall not require plaintiff or its assignee to pay in cash the entire amount bid at the sale, but shall execute and deliver to plaintiff or its assignee a deed or deeds of the Property sold upon the payment to the Referee of the amounts specified above in the items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments and water rents, and interest or penalties thereon; or in lieu of the payment of the last mentioned amounts upon filing with the Referee receipts of the proper municipal authorities showing the payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by plaintiff

13

or its assignee for Referee's fees, expenses of sale, and taxes, assessments and water rents, shall be allowed to plaintiff or its assignee and applied by the Referee upon the amounts due to plaintiff as specified above in the item marked "THIRD;" that if after so applying the balance of the amount bid, there shall be a surplus over and above the amounts due to plaintiff, plaintiff or its assignee shall pay to the Referee, upon delivery to it of the Referee's deed, the amount of such surplus; that the Referee on receiving the several amounts from plaintiff or its assignee shall immediately pay therefrom the taxes, assessments, water rents and interest or penalties thereon, unless the same have already been paid, and shall then deposit the balance in the depository as hereinafter directed;

SIXTH:   that the Referee take the receipt of plaintiff or its attorneys for the amounts paid as previously directed above in the item marked "THIRD," and file it with his Report of Sale; that he deposit the surplus money, if any, with a financial institution insured by the FDIC within five days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on an order signed by a Judge of this Court; that the Referee make his report of such sale and file it immediately with the Clerk of this Court, that if the proceeds of the sale be insufficient to pay the amount so reported due to plaintiff, with the expenses of the sale, interest, costs and allowance, as aforesaid, the Referee shall specify the amount of such deficiency in his Report of Sale; and that the purchaser or

14

purchasers at such sale be let into possession on production of the Referee's deed or deeds;

      (d) The Referee pay all taxes, assessments and water and sewer rents which are or may become liens upon the Property from the proceeds of the sale of the Property;

      (e) Plaintiff is entitled to the costs and disbursements of this action; and

    5)  (a) Entry of judgment against the Mortgagor, jointly and severally, for damages equal to all rents paid or payable by any tenants or occupants of the Property held or collected from the date of the Mortgagor's breach of the Note and Mortgage to the date of the judgment hereunder, with interest thereon; and

      (b) For plaintiff's costs and disbursements of this action, including attorney's fees.

    ALL OF THE ABOVE IS SO ORDERED.

                        s/Michael A. Telesca
                        MICHAEL A. TELESCA
               United States District Judge

Dated:    Rochester, New York
           October 6, 2006